**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7465**

_____

JAMES EARL JONES,

                 Petitioner – Appellant,

          v.

LORETTA KELLY, Warden,

                 Respondent – Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:07-cv-00066-CMH-BRP)

_____

Submitted: March 31, 2011          Decided: April 11, 2011

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

James Earl Jones, Appellant Pro Se.  Virginia Bidwell Theisen,
Senior Assistant Attorney General, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Earl Jones seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2006) petition, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Jones has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Jones' notice of appeal and informal brief as an application to file a second or successive § 2254 petition. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006). Jones' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>